UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LINGLING FAN, | ) |
|       Plaintiff, | ) |
| | )   Civil Action No. 23-00337 (UNA) |
| SANTA CLARA COUNTY SHERIFF'S OFFICE *et al.*, | ) |
|       Defendants. | ) |

**MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A complaint that is "rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard," as will one containing "an untidy

assortment of claims that are neither plainly nor concisely stated." *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017) (cleaned up).

The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). The standard also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff, a resident of New York City, has submitted essentially a narrative labeled "complaint." The defendants are the Sheriff's Office in Santa Clara County, California; the San Jose, California, Police Department; the Sacramento Police Department; the California Department of Insurance in Sacramento; and the Nebraska State Patrol Troop in Omaha, Nebraska. Compl. Caption. Plaintiff opens with: "Serious county government corruption has severely damaged my rights to life, health, reputation and credits over the past four years. They colluded together, sheltered a rapist, and accepted bribes." Compl. at 2. Beyond that introduction, the rambling pleading is incomprehensible. Therefore, this case will be dismissed by separate order.

_____/s/_____
RUDOLPH CONTRERAS
Date: February 17, 2023                    United States District Judge